CSD 2062 [05/19/17]
Court Telephone: (619) 557-5620   Court Hours: 9:00am-4:00pm, Monday-Friday
www.casb.uscourts.gov
Christopher R. Barclay, Chapter 7 Trustee
5055 N. Harbor Drive, Suite 210
San Diego, CA 92106
U.S. Mail: P.O. Box 2819, La Mesa, CA 91943-2819
Tel.: (619) 255-1529 Email: admin@crb7trustee.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
Avraham Moshe Raz

BANKRUPTCY NO. 21-01431-MM7

Debtor.

**TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING**

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**You are hereby notified** that the undersigned Trustee proposes to:

☐ Compromise or settle the following controversy [description of controversy to be settled and standards for approval of a settlement as required by LBR 9019]; or

☐ Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by FRBP 2002(c)(2)]; or
   Fees:
   Costs:

☑ Other:
   Trustee seeks Court approval of the Stipulation to Subordinate Debtor's Homestead and Provide Carve-Out to the Estate (the "Stipulation") attached hereto as Exhibit 1. See also Exhibit A attached hereto and herein incorporated by reference for the terms of the Stipulation.

IF YOU OBJECT TO THE PROPOSED ACTION:

1. **You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letters:

   - MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
   - LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
   - LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
   - CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

CSD 2062

CSD 2062 (Page 2) [05/19/17]

2. **Within twenty-one (21)[1] days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate **Request and Notice of Hearing** [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers. A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Suite 3230, San Diego, CA 92101. The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must:

   a. identify the interest of the opposing party; and

   b. state, with particularity, the factual and legal grounds for the opposition.

3. **You must** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

   **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 21-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: November 12, 2021                    /s/ Christopher R. Barclay
                                            ☑ Chapter 7 Trustee    ☐ Attorney for Chapter 7 Trustee
                                            Address: P.O. Box 2819
                                                     La Mesa, CA 91943

                                            Phone No.: (619) 255-1529
                                            E-mail:    admin@crb7trustee.com

---

[1] Depending on how you were served, you may have additional time for response. See FRBP 9006.

[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 2062

# EXHIBIT A

## TRUSTEE'S NOTICE OF INTENDED ACTION

Pursuant to this Notice of Intended Action and Opportunity for Hearing ("Notice"), Christopher R. Barclay, Chapter 7 Trustee ("Trustee"), the Chapter 7 Trustee of the Bankruptcy Estate of Avraham Moshe Raz, USBC Case No.: 21-01431-MM7 (the "Estate") in the above-captioned case seeks Court approval of the Stipulation to Subordinate Debtor's Homestead and Provide Carve-Out to the Estate (the "Stipulation").

Trustee has evaluated the following factors and determined, in his business judgment, that this compromise is fair, reasonable, and adequate; (a) the probability of success in litigation of this matter; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. This stipulation is in the best interest of the Estate as it will provide funds to the Estate without the need to go through the time and expense of litigation.

Wherefore, Trustee requests that this Court approve the Stipulation. Trustee hereby submits the following in support of the Notice:

## BACKGROUND

This case was commenced by the filing of a chapter 7 petition by Avraham Moshe Raz ("Debtor") on April 9, 2021 ("Petition Date"). On or about that same date, the Court appointed Trustee as the duly authorized and acting chapter 7 trustee of Debtor's bankruptcy estate.

The first section 341(a) meeting of creditors in the Chapter 7 case was held on May 11, 2021, at 8:30 a.m. Debtor's 341(a) meeting of creditors is still ongoing. The next continued meeting of creditors is scheduled to take place on November 16, 2021.

In the bankruptcy schedules, Debtor listed real property located at 13475 Calle Colina, Poway, California 92064 ("Real Property") with a value of $1,400,000.00. Debtor also listed an exemption in the Real Property in the amount of $600,000.00 pursuant to C.C.P. Section 704.730. According to Debtor's Schedule D, the Real Property is subject to secured claims in the amount of $735,085.26.

Based on information provided by Debtor's counsel, Trustee understands that the Real Property is also the subject of a non-judicial foreclosure proceeding, which is stayed by the Chapter 7 bankruptcy case.

Debtor's counsel informed Trustee that Debtor is willing subordinate his homestead exemption in an amount to pay some dividend to the Estate and consent to the sale of the Real Property by Trustee.

Since then, Debtor has recently expressed his agreement to subordinate his homestead exemption and provide a carve-out of $300,000.00 to the Estate. This would ensure that on account of Trustee's liquidation efforts, funds in amount to pay the expected cost of administration and a meaningful distribution to unsecured creditors, would benefit the Estate and not be taken up by the homestead exemption.

### SUMMARY OF MATERIAL TERMS OF SETTLEMENT STIPULATION

A copy of the Stipulation to Subordinate Debtor's Homestead and Provide Carve-out to Estate (the "Stipulation") is attached hereto as Exhibit 1. Pursuant to the terms of the Stipulation which has been executed by the parties, but remains subject to Court approval,[1] Trustee and Debtor, through his counsel of record, Paul J. Leeds, have agreed to the following:

a. The Parties stipulate that from the net proceeds of any sale of the Real Property, Debtor will subordinate his homestead exemption in favor of the Estate up to a carve-out of $300,000.00.

b. The Estate will receive the first $300,000.00 out of any sale proceeds distributable on account of Debtor's homestead exemption and thereafter any remaining proceeds will be paid to Debtor to the extent of his remaining homestead exemption, if any.

### DISCUSSION

Federal Rule of Bankruptcy Procedure 9019 provides that the Court may, upon a noticed motion by Trustee, approve a compromise or settlement.[2] If the proposed compromise is "fair" and "equitable," it should be approved. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610 (9th Cir. 1988). In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the Bankruptcy Court must consider: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expenses, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Kane v. Martin (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986). "It is not

---

[1] Nothing herein shall be deemed to modify, alter, or otherwise affect the provisions of the Stipulation. To the extent anything herein is inconsistent with the terms of the Stipulation, the terms of the Stipulation shall control.
[2] Pursuant to Local Bankruptcy Rule 2002-2(a)(4), Trustee may request Court approval of a compromise or settlement of a controversy by Notice of Intended Action.

necessary to satisfy each of these factors provided that the factors as a whole favor approving the settlement." *In re Pacific Gas and Elec. Co.*, 304 B.R. 395, 417 (N.D. Cal. 2004).

The Stipulation achieves a resolution of all disputes arising from or connected with issues concerning the Real Property and Debtor's homestead exemption without the additional costs of pursuing litigation. The Stipulation permits the Estate to step into the shoes of the Debtor with respect to his homestead exemption such that, to the extent of the carve-out, the proceeds of the sale of the Real Property that would have been paid to Debtor on account of his homestead exemption, will be available for payment of Chapter 7 administrative claims and distribution to creditors consistent with the priority scheme of the Bankruptcy Code. In Trustee's business judgment, the Stipulation should be approved.

1  Christopher R. Barclay, Ch. 7 Trustee
   5055 N. Harbor Drive, Suite 210
2  San Diego, CA 92106
   U.S. Mail: P.O. Box 2819, La Mesa, CA 91943-2819
3  Telephone (619) 255-1529
   Email admin@crb7trustee.com
4
   Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| In re: | ) Case No.: 21-01431-MM7 |
|---|---|
| AVRAHAM MOSHE RAZ, | ) Chapter 7 |
| Debtor. | ) **STIPULATION TO SUBORDINATE DEBTOR'S HOMESTEAD AND PROVIDE CARVE-OUT TO ESTATE** |

**TO THE HONORABLE MARGARET M. MANN, UNITED STATES BANKRUPTCY JUDGE:**

The above case was filed on April 9, 2021, Christopher R. Barclay ("Trustee") was appointed as the Chapter 7 Trustee. In the bankruptcy schedules, Avraham Moshe Raz ("Debtor") listed real property located at 13475 Calle Colina, Poway, California 92064 ("Real Property") with a value of $1,400,000.00. Debtor also listed an exemption in the Real Property in the amount of $600,000.00 pursuant to C.C.P. Section 704.730. According to Debtor's Schedule D, the Real Property is subject to secured claims in the amount of $735,085.26. Based on information provided by Debtor's counsel, Trustee understands that

1

Exhibit 1 Page 1 of 2

the Real Property is also the subject of a non-judicial foreclosure proceeding, which is stayed by the Chapter 7 bankruptcy case.

Earlier in the case, Debtor's counsel informed Trustee that Debtor is willing subordinate his homestead exemption in an amount to pay some dividend to the Estate and consent to the sale of the Real Property by Trustee.

Since then, Debtor has recently expressed his agreement to subordinate his homestead exemption and provide a carve-out of $300,000.00 to the Estate. This would ensure that on account of Trustee's liquidation efforts, funds in amount to pay the expected cost of administration and a meaningful distribution to unsecured creditors, would benefit the Estate and not be taken up by the homestead exemption.

NOW THEREFORE, the Parties hereby stipulate that from proceed from the sale of the Real Property, Debtor will subordinate his homestead exemption to the Estate up to a carve-out of $300,000.00. The Estate will receive the first 300,000.00 out of any sale proceeds distributable on account of Debtor's homestead exemption and thereafter any remaining proceeds will be paid to Debtor to the extent of his remaining homestead exemption, if any.

IT IS SO STIPULATED.

DATED: September 16, 2021     By:  /s/ Christopher R. Barclay
                                   Christopher R. Barclay
                                   Chapter 7 Trustee

DATED: ~~September~~ November 2, 2021    By:  _____
                                              Paul J. Leeds, Esq.
                                              Attorney for Debtor

2

Exhibit 1 Page 2 of 2